Robert H. Schaefer
vs. }Nos. 59190, 65482
Thurston Mfg. Co.

### RESCRIPT

September 2, 1926

CARPENTER, J. The above cases, together with the case of Thurston Mfg. Co. vs. Robert H. Schaefer, No. 63137, were tried together before a jury, the trial commencing on April 22, 1926, and continuing for several days thereafter.

Case No. 63137 does not enter into the matter as it now presents itself before the Court, and will not be considered in this rescript.

The jury returned a verdict for the plaintiff in the case of Robert H. Schaefer vs. Thurston Mfg. Co., No. 59190, in the sum of $569.16, and in the case of Robert H. Schaefer vs. Thurston Mfg. Co., No. 65482, the jury returned a verdict for the plaintiff in the sum of $7081.00.

Both cases involved the same question and will be considered together. After verdicts for the plaintiff as above set forth the defendant filed a motion for a new trial in each case upon the following grounds:

1. That the said verdict is against the law.

2. That the said verdict is against the evidence.

3. That the said verdict is against the law and the evidence and the weight thereof.

4. That the said defendant has, since the rendition of said verdict, discovered new and material evidence which, by the exercise of reasonable diligence, it was not able to discover in time to produce the same at said trial as by affidavits to be filed herein will more fully appear. .

Upon the motions so filed the cases are now before the Court. The last reason was not pressed.

It appeared from the evidence that Robert H. Schaefer, the plaintiff, and the Thurston Mfg. Co., the defendant, in April, 1923, entered into a written contract, whereby the plaintiff was engaged to act as general manager for the Thurston Mfg. Co. for the term of two years and was to be paid in return for his services $5000.00 per year, payable in equal monthly installments, and also was to receive, and did receive, stock of the par value of $5000.00, which the Thurston Mfg. Co. agreed to purchase at its par value at the termination of the contract.

The plaintiff entered upon his duties on the first day of May, 1923, and continued to act as General Manager of the defendant company until December 13, 1923, at which time he was discharged by the officers of the company.

The plaintiff alleges that he was discharged by the defendant company without justifiable or reasonable cause and thereupon brought these two suits to recover damages sustained by reason of his discharge and also to recover the par value of stock as agreed. There is no question that if the plaintiff was entitled to any verdict he was entitled to the amounts that the jury awarded.

The defendant, in its defence, set up that it had for reasonable and justifiable cause discharged the plaintiff, and the case went to the jury upon the question as to whether or not the defendant was justified in discharging the plaintiff. Upon this question there was considerable evidence introduced, somewhat conflicting. All reasons for the discharge of the plaintiff were set up by the defendant, some of the reasons appearing to this Court to be

almost frivolous. The case was exhaustively tried both by the plaintiff and the defendant and consumed ten days in its trial.

Upon careful consideration the Court feels that the evidence submitted raised pure questions of fact; that the jury were correct in their findings; that the verdicts were justified, and that substantial justice has been done. The Court feels constrained to say that if the verdicts were other than they were justice would not have been done.

Motions for new trial denied.

For Plaintiff: George F. Troy.

For Defendant: Cooney & Cooney.